```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MAINE
```

Nathan Reardon

    v.                                    Case No. 25-cv-243-SDE

Lance E. Walker
Andrew Lizotte

## REPORT AND RECOMMENDATION

Self-represented plaintiff Nathan Reardon, appearing in forma pauperis, alleges that a Federal trial judge and prosecutor violated his constitutional rights during the pretrial stage of a federal criminal prosecution. See Compl. (Doc. No. 1). The complaint is before the undersigned Magistrate Judge for preliminary review. See 28 U.S.C. § 1915(e)(2).

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like Mr. Reardon's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review,

the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Factual Background

Mr. Reardon alleges that he was facing federal fraud charges in this District in 2021. See United States v. Reardon, No. 21-cr-61-LEW (D. Me. filed Apr. 8, 2021) ("Reardon I"). During the course of pretrial proceedings, Magistrate Judge Nivison granted Assistant United States Attorney Andrew Lizotte's motion to modify Mr. Reardon's conditions of pretrial release to include a prohibition on firearm possession. Id., July 9, 2021 Order (Doc. No. 55). On September 27, 2021, Judge Walker, reviewing the Magistrate Judge's Order de novo under 18 U.S.C. § 3145(b), lifted the firearm restriction. Id., Sept. 27 Order (Doc. No. 65). On September 30, 2021, Judge Walker vacated his September 27 Order, sua sponte, and reinstated the firearm prohibition after reviewing evidence of which he was originally unaware. Id., September 30, 2021 Order (Doc. No. 66).

2

Asserting a Bivens[1] action for violations of his rights under the Second, Fifth, and Fourteenth Amendments, Mr. Reardon alleges that Attorney Lizotte used the firearm prohibition as a way to coerce him into pleading guilty in Reardon I. He further claims that Judge Walker violated his rights by reinstating the firearm prohibition without a hearing. As explained below, both defendants are immune from prosecution. The district judge should, therefore, dismiss this case.

## Discussion

A. Attorney Lizotte

Mr. Reardon brought a previous Bivens action against Attorney Lizotte in connection with sentencing and appellate stages of Reardon I. See Reardon v. Lizotte, No. 25-cv-00187-NT (D. Me. filed Apr. 25, 2025) ("Reardon II"). That case was dismissed pursuant to prosecutorial immunity. Id., 2025 WL 1518268 (D. Me. May 28, 2025). Judge Torreson's Dismissal Order adopted Magistrate Judge Nivison's recommended disposition that explained

> Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (recognizing an implied cause of action for damages against federal officers for certain alleged Constitutional violations).

3

> v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "[A]dvocacy in connection with a bail application" is a prosecutorial act protected by absolute immunity." See Root v. Liston, 444 F.3d 127, 131 (2d Cir. 2006); see also, Barreto v. Cnty. of Suffolk, 455 F. App'x. 74, 76 (2d Cir. 2012) (summary order) (prosecutor who appears in court regarding a bail issue entitled to absolute immunity from suit (citing Imbler, 424 U.S. at 430-31)); Wiltshire v. Williams, No. 10 Civ. 6947, 2021 WL 899383, *5 (S.D.N.Y. Mar. 16, 2012) (prosecutor making bail request entitled to absolute immunity).

Reardon II, 2025 WL 1220438, at *1 (D. Me. Apr. 28, 2025), report and recommendation adopted, 2025 WL 1518268 (D. Me. May 28, 2025) (quoting Beaulieu v. Quay, No. 11-cv-514-JL, 2021 WL 1676993 (D.N.H. April 4, 2012)).

So it is here. As the court found in Reardon II, Mr. Reardon's claim against Attorney Lizotte's actions regarding bail conditions in Reardon I is unquestionably based on conduct "directly related to the judicial process." Attorney Lizotte is therefore immune from suit. See Reardon II, 2025 WL 1220438, at *1.

B. Judge Walker

Dismissal of claims against Judge Walker is required pursuant to the doctrine of absolute judicial immunity. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Velasquez v. McElroy, No. 23-cv-15-

SDE-AKJ, 2023 WL 2617457, at *1 (D.R.I. Feb. 28, 2023), Report and Recommendation adopted, 2023 WL 2610456 (D.R.I. Mar. 23, 2023) (quoting Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019)(alteration in original)).

"Judicial immunity is appropriate unless a judge is carrying out an activity that is not adjudicatory." Zenon, 924 F.3d at 617 (citing Forrester v. White, 484 U.S. 219, 227-28 (1988)). "To determine if the judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Id. (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)) (internal footnote omitted); see also id. at 618 ("[T]he relevant inquiry is the 'nature' and 'function' of the act . . . . In other words, we look to the particular act's relation to a general function normally performed by a judge." (quoting Mireles v. Waco, 502 U.S. 9, 13 (1991))) (alterations in original). Further, "[a]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Velasquez, 2023 WL 2617457, at *1.

The allegations in the complaint relate solely to Judge Walker's imposition of certain bail conditions. This is unquestionably an "act normally performed by a judge" and Mr.

5

Reardon was "dealing with [Judge Walker] in his . . . judicial capacity." Forrester, 484 U.S. at 228; see Mabardy v. Grafton Cnty., No. 19-CV-223-PB, 2019 WL 6879365, at *8 (D.N.H. Nov. 22, 2019) (recommending dismissal of claims against judge on basis of judicial immunity because judge's acts, including setting bail, were judicial functions) report and recommendation adopted sub nom. Mabardy v. Grafton Cnty. Commissioners, No. 19-CV-223-PB, 2019 WL 6879213 (D.N.H. Dec. 17, 2019). Accordingly, the claims against Judge Walker should be dismissed.

## Conclusion

Based on the foregoing, the district judge should dismiss the complaint because both defendants are absolutely immune from suit.[2]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to

---

[2] On June 30, 2025, Judge Woodcock imposed a filing restriction requiring Mr. Reardon to seek the court's permission prior to filing any new civil case. Cases such as this one, which collaterally attack his criminal conviction, will no longer be docketed. See NATHAN REARDON, Plaintiff, v. ADAM DOMONSKI, Defendant., No. 1:25-CV-00268-JAW, 2025 WL 1797156, at *8 (D. Me. June 30, 2025). As Mr. Reardon commenced this action before that restriction was entered, it was properly filed, though subject to dismissal for the reasons stated.

this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge
Sitting by Designation

July 8, 2025

cc: Nathan Reardon, pro se